## S. J. CHRESTMAN v. P. B. RUSSELL.

1. EMPLOYER OR LANDLORD.   *Laborer or renter.   Enticing away.   Debts due to employer or landlord not within the statute allowing double damages.   Code 1892, § 1068.*

    Debts due by a laborer or renter to his employer or landlord are not recoverable as damages under the statute making any person who entices away a laborer or renter, before the expiration of the specified time for which he has contracted, liable to the employer or landlord in double the amount of damages which he may have sustained by reason thereof (§ 1068, code 1892); and, in a proceeding to enforce liability under the statute, it is erroneous to instruct the jury that the defendant is liable for all the indebtedness of the laborer or renter to his employer or landlord, growing out of the contract between them.

2. INSTRUCTIONS.   *No bill of exceptions.   Effect of its absence.*

    In the absence of a bill of exceptions disclosing the evidence in an action at law, the appellate court will only pass upon such of the instructions complained of as are necessarily erroneous in any state of case.

FROM the circuit court of the second district of Coahoma county.

HON. R. W. WILLIAMSON, Judge.

The appellee, in his declaration, after alleging that the appellant had enticed away his tenant and laborer, Joe Mathews, before the expiration of his contract, averred that Mathews was indebted to him, by reason of said contract, in the sum of $102.85, and that he was deprived of the services, advantages, and profit of Mathews and of the said $102.85, by reason of the said breach of contract; wherefore he had been damaged to the amount of $125, and sued for double that sum.   The appellant plead the general issue, and, on the trial, the following instruction, among others, was granted at the instance of the appellee:

"1. The court instructs the jury that, in considering damages, defendant is liable for all the indebtedness of Mathews, growing out of the contract with Russell, for all the reasonable expenses that Russell was at in completing the duties of Mathews, in gathering the remainder of the cotton crop, and, if they find damages, it must be in double the amount sustained by Russell in the breach of the contract by Mathews."

The trial resulted in a verdict and judgment against appellant for $125, and, his motion for a new trial having been overruled, he apppealed.

*Jno. W. D. Cutrer*, for appellant.

Under no state of facts could the first instruction granted to the plaintiff be treated as free from the fatal objection that it directs the jury that bare evidence of an indebtedness by Mathews, and of expenses incurred by the plaintiff, shall have and be given such full and sufficient weight as to induce a finding that such indebtedness and expenses necessarily resulted in damages within the contemplation of law, recoverable by appellee in the case at bar. Such damages are not necessarily within § 1068 of the code of 1892. The tenant may have worked the leased premises faithfully; he may have gathered and housed the entire crop, except an unimportant fragment; his total earning and the proceeds of all his crops may have been applied to and proved insufficient to liquidate his indebtedness for supplies, or other indebtedness growing out of the contractual relationship, yet, under the rule laid down by the court, a third person employing the renter under these circumstances, before the expiration of the time for which he had contracted, would become liable to the former employer, among other things, for all the indebtedness growing out of the contract; and not only so liable, but liable in double the amount of such indebtedness. It is certain that, in such case, the landlord would suffer a loss. It is equally certain that, among wrongdoers, there can be no apportionment of the damages,

and that each is liable for all the damages growing out of the wrongful employment of the contracted laborer, as is stated in *Armistead* v. *Chatters*, 71 Miss., 509; but there are losses which men must bear without relief. The unfortunate laborer would be liable in assumpsit upon the debt, but it cannot be said that a third person who employs a laborer, with the knowledge of his breach of contract, is liable for the debts of such laborer. All that can be said is that he is liable for the damages proximately and naturally resulting from the conduct which the statute condemns. It may or may not, as circumstances may suggest, in the particular case, be proper for the jury, in estimating damages, to consider the question of any indebtedness which the former suffering employer may have lost by direct reason of the wrongful act of the last employer, and the court might, under proper circumstances, so charge the jury; but it is unjustifiable to lay down the broad rule that, in considering damages, the last employer, though a wrongdoer, is liable for all such indebtedness. In the case at bar the jury necessarily taxed appellant with such indebtedness in whole or in part. The only damages alleged outside of the indebtedness were $22.15, and, the verdict being for $125, the jury based their verdict on the debt, or it is unsupported by the evidence.

*Edward Mayes*, for appellee.

1. The record contains no bill of exceptions, and for this reason, if the judgment of the court below can be considered correct, on any supposable state of case, it should not be disturbed. *Bernheim* v. *Brogan*, 66 Miss., 184; *Kelley* v. *Harrison*, 69 Miss., 856.

2. With this principle settled, we submit that if the testimony in the case should show that there was any reasonable ground for the jury to believe that the enticement away of the servant had caused his employer to lose the debt, it would come within the contemplation of the statute. If the testimony disclosed beyond controversy on the question of fact, that if Mathews had

not been enticed away by the defendant the plaintiff could have collected his account, then we submit the instruction would have been right, and, in the absence of a bill of exceptions showing otherwise, the judgment must be affirmed.

3. But there is another entirely different consideration. The declaration in this case shows that the amount of the debt, the loss of which is averred as one element of the injury sustained, was $102. Double this is $204, which would have been the statutory recovery in the event that the jury had determined to give the plaintiff the debt sued for, and therefore it is manifest that the jury did not do that thing, since they brought in a verdict for only $125; and that was the amount of the judgment rendered. The court cannot say, therefore, even if it should hold that, under no conceivable condition of affairs is a debt due from the enticed away servant to be made a basis of a recovery, that in this particular instance the jury did, as a matter of fact, make that debt the basis of their verdict. The court does not know, and cannot know, what were the elements of proof which went before the jury, and cannot reverse this case on the idea of an erroneous instruction on the ground of a debt lost, in the absence of any showing as to what the testimony on that subject was, or whether there was any testimony on it.

WHITFIELD, J., delivered the opinion of the court.

In no conceivable state of case could instruction numbered one, for plaintiff, be correct. Section 1068 of the code of 1892, was never intended to embrace any indebtedness of the "laborer or renter" to the landlord. Its scope is to secure to the landlord or employer double the damages he may have sustained by reason of such laborer or renter having been so enticed away, etc., the word "damage" here not being used to embrace "debts" in the ordinary sense of that word. It is not a statute for the collection of debts, but for securing to the landlord or employer double all the damage he may have

so sustained, which amount will not only reimburse him, but operate as a penalty on the person so enticing away, etc., the laborer or renter. In the absence of a bill of exceptions, we cannot pass on the other instructions complained of.

*Reversed and remanded.*